**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

No. 00-20910
Summary Calendar

---

WARREN PIERRE CANADY,

Petitioner-

Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-

Appellee.

--------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-1947
--------------------------------------------------------------
December 27, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges:

PER CURIAM:[*]

CERTIFICATION FROM THE UNITED STATES
COURT OF APPEALS FOR THE FIFTH CIRCUIT
TO
THE COURT OF CRIMINAL APPEALS OF
TEXAS PURSUANT TO RULE 74.1 TEXAS
RULES OF
APPELLATE PROCEDURE

TO THE TEXAS COURT OF CRIMINAL APPEALS
AND THE HONORABLE JUSTICES THEREOF:

Both parties in this case have filed motions requesting certification to the Texas courts of

questions presented by this case. Although the petitioner's *pro se* motion requests certification to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the clerk of the Harris County Court of questions related to the issues in this case, the respondent's motion seeks certification to the Texas Court of Criminal Appeals of the two questions on which we granted the petitioner a certificate of appealability. The United States Court of Appeals for the Fifth Circuit has decided that this case presents a question of law for which there is no controlling precedent in the decisions of the Court of Criminal Appeals, and a question of fact which is unanswerable from the record. We have therefore decided to grant the respondent's motion. Petitioner's motion is denied.

The questions are (1) whether, under Texas law and in the context of habeas proceedings, the Court of Criminal Appeals may consider a new argument raised in a supplemental brief not considered by the trial court, and if so, (2) whether petitioner's speedy-trial argument was considered before the state court's denial of habeas relief on June 4, 1997.